**David Esco WELCH, Plaintiff—Appellant,**

**and**

**Terri Yvonne Welch, individually and as the successor in interest to the Estate of Maurice Esters, Plaintiff,**

**v.**

**Mike YOELL; et al., Defendants—Appellees.**

No. 02–17369.

D.C. No. CV–01–02210–CW.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

David Esco Welch appeals *pro se* the dismissal of his action with prejudice and without leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We review

** This disposition is not appropriate for publication and may not be cited to or by the

*de novo, see Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir.2000), and we affirm.

David Welch's amended complaint alleged state wrongful death and survival causes of action, as well as Civil Rights claims, arising from the shooting death of Maurice Esters by Oakland police. 42 U.S.C. §§ 1983; 1985; 1986. David Welch attempted to bring the complaint on behalf of himself and Terri Welch, his deceased wife. The district court correctly held that Terri Welch had no causes of action as she is deceased and died before the shooting death of her son, Maurice Esters.

I

■ The district court correctly dismissed David Welch's state wrongful death claims. David Welch has not shown that he is the personal representative of Maurice Esters, that he is entitled to property of Maurice Esters under intestate succession, or that he is a dependent parent of Maurice Esters. *See* Cal.Code Civ. Proc. § 377.60; *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 370 (9th Cir. 1998). David Welch was married to Maurice Esters's mother, but did not adopt Maurice Esters. David Welch was not dependent on Maurice Esters because David Welch has been in the custody of the California prison system since 1986.

II

■ The district court correctly dismissed David Welch's state survival causes of action because David Welch failed to show that he is Maurice Esters's personal representative or successor in interest. *See* Cal.Code Civ. Proc. §§ 377.30; 377.11 (a successor in interest is the "beneficiary of the decedent's estate or other successor in

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

interest who succeeds to a cause of action or to a particular item of ... property.") David Welch could not succeed to a cause of action from his wife, Terry Welch, because she predeceased Maurice Esters. Further, David Welch has not shown that he is the beneficiary of Maurice Esters's estate, as there are two alleged children of Maurice Esters.

### III

 Assuming without deciding that a stepparent has a right under section 1983, the district court properly dismissed David Welch's 42 U.S.C. § 1983 claim because he failed to establish a liberty interest in the companionship and society of Maurice Esters. *See Kelson v. City of Springfield,* 767 F.2d 651, 655 (9th Cir.1985). It is undisputed that David Welch has been incarcerated since 1986 and is currently on death row at San Quentin prison. David Welch has been in prison for most of Maurice Esters's life, other than for a brief interlude from 1978 to 1981, and for several months in 1986. David Welch was convicted of murdering six people, including a new girlfriend, during the 1986 interlude. David Welch could not establish that he developed the companionship of a father-son relationship sufficient to allege a section 1983 action from Maurice Esters's death.

### IV

David Welch failed to show that he has standing to assert a 42 U.S.C. § 1985(3) conspiracy claim against the state on Maurice Esters's behalf. *See Voigt v. Savell,* 70 F.3d 1552, 1564–5 (9th Cir.1995) (requiring concrete interest in the outcome of the dispute and a close relationship between the injured party and the party asserting third-party standing).

### V

A cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985. *See Trerice v. Pedersen,* 769 F.2d 1398, 1403 (9th Cir. 1985).

**AFFIRMED.**